**PEPE TUIMAVAVE, Plaintiff,**

v.

**LOTE SIUA, Defendant.**

High Court of American Samoa
Trial Division

CA No. 24-03

January 31, 2005

Before RICHMOND, Associate Justice; SAGAPOLUTELE, Associate Judge; and TAPOPO, Associate Judge.

Counsel: For Plaintiff, David P. Vargas
For Defendant, Asaua Fuimaono

OPINION AND ORDER

On May 8, 2003, Plaintiff Pepe Tuimavave ("Tuimavave") brought this collection action against Defendant Lote Siua ("Siua") to recover damages resulting from Siua's alleged default in payment of a promissory note. Though filed well after 20 days of service of process, Siua answered, generally denying liability.

On September 16, 2004, Siua was served, through his counsel, with Tuimavave's requests for admissions, for Siua's response within 30 days after September 16, pursuant to T.C.R.C.P. 36 & 5. Over two months later, on November 29, 2004, the scheduled trial date, Siua had neither responded to the requests for admissions nor formally requested the Court for additional time. As a result, in accordance with T.C.R.C.P. 36(a), Tuimavave filed his request that the Court recognize the material facts deemed admitted for Siua's failure to timely respond to the requests for admissions.

During opening statements, Tuimavave's counsel orally repeated the deemed admitted request, and Siua's counsel resisted the request, stating that Siua signed the promissory note under duress from threats by an employee of Tuimavave's counsel and a police officer enlisted by the employee. He at least implicitly sought further time to respond. Tuimavave, who resides in California, was not present for the trial. Siua was present. However, neither party offered any further evidence to prove or defend against the collection claim.

## Discussion

### I. Requests for Admissions

■ It is undisputed that Siua failed to respond to the requests for admissions served on him on September 16, 2004. T.C.R.C.P. 36(a)-(b) provides that if a party fails to respond to requests for admissions within 30 days, the requested admissions are deemed admitted and the matters admitted are conclusively established. *See also McCann v. Mangialardi*, 337 F.3d. 782, 788 (7th Cir. 2003) (referring to the identical federal rule).

■ T.C.R.C.P. 36(b) further provides that the court may permit withdrawal or amendment of any admission "when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Certainly, Siua's failure to respond to the Tuimavave's requests for admissions in their entirety impairs Siua's ability to present his case on the merits. Ordinarily, when a party who fails to respond presents a reasonable explanation for his failure to timely respond to requests for admissions, we would treat his explanation as a request to withdraw or amend a previous admission and give him additional time to file a late response. *See Metpath, Inc. v. Modern Medicine*, 934 F.2d 319 (4th Cir. 1991).

■ In this case, however, allowing Siua more time to respond the requests for admissions is not warranted. Viewed as a whole, the circumstances clearly show that Siua came up with a last-minute fabricated defense to take advantage of Tuimavave's off-island California residency and at least postpone an unfavorable judgment in a straight-forward promissory note collection action.

On April 10, 2003, Siua and Tuimavave agreed to settle their ongoing contract dispute, which was proceeding in the District Court, DCCA No. 01-2003. The dispute arose out of the collapse of substantial portions of the stone wall Siua was contracted to construct for Tuimavave, and

Siua's non-performance of a later agreement by not repaying $4,900.00 of Tuimavave's $5,000.00 down payment for the contracted work if he did not repair his defective workmanship. Under the settlement, Siua signed a promissory note, obligating him to make weekly payments to Tuimavave until the note was paid in full. As a result of the settlement and Siua's execution of the promissory note, the District Court dismissed the case the following day.

Siua made no attempt bring his present allegation of duress to the attention of the District Court judge. He also did not attempt to complain to Tuimavave's counsel about his claim. Tuimavave's counsel and her then associated attorneys are reputable members of the American Samoa Bar who would not countenance on any client's behalf threatening behavior by their employees or agents to forge settlement of a legal controversy.

Siua failed to pay any note installment, and Tuimavave brought this collection action on the note on May 8, 2003. When Siua did not timely answer the complaint, Tuimavave initiated default judgment proceedings. The default proceedings were terminated when Siua retained counsel and, on July 23, 2004, answered the complaint. The answer, however, did not even hint at duress as a defense, let along affirmatively plead this defense, as required T.C.R.C.P. 8(c). Certainly, if there was any truth to the duress defense, Siua would have told his counsel about it before the answer was prepared and filed. Instead, Siua kept this defensive tactic secret until, or most likely conceived it shortly before, he first, and only orally through his counsel, raised it at the beginning of the trial on November 29, 2004.

Finally, Siua had more than ample time after being served with the requests for admissions to respond to the requests well before the trial date and opportunity once again to raise the duress defense he first proferred in court only when the trial began.

Given these circumstances, we find that Siua concocted a last-ditch bogus defense and hold that he is not entitled to additional time to respond to the requests for admissions. He has not provided any justification for his failure to respond well before the November 29, 2004 trial date, either within the 30 days allotted for response by T.C.R.C.P. 36 or within additional time permitted by the Court at his request.

We further find that on April 10, 2003, Siua voluntarily signed the promissory note at issue, and that the material facts admitted by Siua's failure to respond to the requests for his admissions are as set forth in both the discussion above and below.

## II. Promissory Note Default

Under the terms of the promissory note, Siua owed Tuimavave $6,392.00, to be paid in weekly installments of $125.00, beginning on April 18, 2003, and continuing on every Friday thereafter until the principal and interest, at the rate of 6% per year, were paid in full. The promissory note further provided that if Siua defaulted on any installment payment, the whole amount of the principal and accrued interest became due and payable at Tuimavave's option, without notice, and that Siua would to pay Tuimavave's actual attorney's fees and costs incurred in collection of the debt, plus post-judgment interest at the rate of 6% per year.

Siua had the ability to pay as promised the promissory note and willfully did not pay any installment required under the note. Therefore, Siua defaulted on the promissory note, and Tuimavave elected to commence this collection action, as he was entitled to do. Siua is liable to Tuimavave in accordance with the order set forth below.

## Order

Tuimavave recovers from Siua, and Siua shall pay to Tuimavave, the principal sum of $6,392.00, plus prejudgment interest at the rate of 6% per year, $1.05 per day, from April 10, 2003, to the entry of this judgment on January 27, 2005, in the amount of $689.85, actual attorney's fees and costs in the amount determined reasonable by the Court after Tuimavave's counsel submits his affidavit on the fees and costs, and post-judgment interest at the rate of 6% per year on the total amount of the principal sum, prejudgment interest, and approved attorney's fees and costs until this total amount is paid in full. It is so ordered.